Chief Justice Robertson
delivered the Opinion of the Court.
Miller and Rucker, then joint merchants of Lancaster, having been summonsed to appear at the July term, 1835, of the Garrard County Court, “to show cause “ why they should not be fined, and compelled to pay “ treble tax, for failing and refusing to list their mer- “ chandise for taxation,” for the year ending on the 1st of January, 1835, appeared accordingly; and the Court, having heard evidence, adjudged that “the defendant” should be fined one cent, and should also pay treble tax on nine thousand five hundred dollars — the ascertained value- of the merchandise which they had had during the year 1834, and had failed to list with the commissioner of the revenue.
A bill of exceptions having been filed, the Court, on the same day, granted a new trial, on the motion of “the defendant.1” And then the record exhibits the following order: “ ordered that Court adjourn until court in course.”
On the next morning, however, seven-of the same justices (there having been- thirteen on the bench the day before,) opened Court; and, in the language of their record, “met according to adjournment;” and during that day, made an order setting aside the previous order for a new trial, upon the suggestion of the attorney for the Commonwealth, that it had been granted improvidently, in his absence, and without sufficient cause; and also reserved to the defendant the benefit of the bill of exceptions which had been signed and sealed by the Court.
Afterwards, at a subsequent term, Miller and Rucker moved for a quashal of an execution which had in the mqañ time been issued against them, on the judgment for *316 treble tax: first — because, as they alleged, the judgment was against only one of them; and, second — because, as they also alleged, the court had no authority to act on the day on which the order was made for setting aside the order for a new trial; and the Court quashed the execution; but the record does not show the reason which influenced its judgment.
An order that ‘court be adjourn ed till court in course’ being a mere clerical mis take, is amendable like any other misprison; & the fact appearing in the record, that a majority of the justices then present,met the next day, when an order was made stating that ‘court met pursuant to adjournment,’ and proceeded with the business of the term, shows that the order closing the term, was a mere misprison, which was effectually corrected, by the subsequent orders.
The record afterwards exhibits several successive continuances of “ the prosecution,” until finally an order was made dismissing it, on the ground that, in the opinion of the Court, there was then no law authorizing a judgment for treble tax, or any other judgment in the case. And, to reverse that order, the Commonwealth prosecutes this writ of error.
If a valid and final judgment was rendered against Miller and Rucker, or either of them, at the July term, 1835, the Commonwealth has no just cause for complaining of the order made at a subsequent term for dismissing “the prosecution;” because the case being then coram nonjudice, that order was not improper, and could have had no effect on the previous and still-subsisting judgment in favor of the Commonwealth.
And w'e are of the opinion that, as the record shows that both Miller and Rucker had been cited to appear, and that “ the parties appeared,” and also that the Court continued its term on the day succeeding that on which the judgment was rendered, and, during its session, rescinded the order for a new trial, the judgment of the first day against “ the defendant,” was, after the end of that session, a final judgment against the party defending, (that is, Miller and Rucker,) beyond the control of the same Court. As long as it continued its session, during the prescribed period of its term, the Court certainly had power to correct a clerical mistake in entering an adjournment until Court in course. And the fact that the Court, consisting chiefly of the same Justices who had constituted it on the first day, “ met,” on the second day, “ according to adjournment,” and proceeded to act judicially as a continuing Court, is sufficient proof that it had not adjourned on the day before “ until Court in course,” and was an implied correction of the clerical *317 misprision in making that entry, as effectual and authoritative as an express entry to the same effect could have been.
Surely, if the Clerk of this or of any other Court whose term is not limited to one day, shall have made an entry, on the first day of its session, purporting to adjourn it until Court in course, all its judgments, rendered on the next day and as long as it shall' in fact have continued its term, should not be deemed extrajudicial, either on the ground that it had no power over the record after that entry had been made, or because, having power, it had, in the language of its record of the next day, “ met according to adjournment,” and acted as a continuing Court, without expressly correcting the previous entry of adjournment. There could not be more satisfactory or conclusive evidence of the authority of the Court to set and adjudicate on the second day, than the simple fact that it “met according to adjournment,” and did so act and adjudicate.
We are, therefore, of the opinion that the judgment rendered at the July term, 1835, was final and conclusive; and that the subsequent order for dismissing the case, had the effect only of striking it from the docket, which was proper, because the case was not then in Court.
And, as that order did not purport to operate on the judgment, and could not, in any respect, so operate, we are of the opinion also, that there was no ground for a writ of error to set it aside — especially as the order of dismission was right, though the proper reason for it was not suggested on the record.'
Wherefore, it is considered that the writ of error against Miller; as the surviving party to the judgment, be and the samé is hereby dismissed.